Our final case for argument today is Conroy v. Thompson. Mr. Schultz. May it please the court, counsel for respondent, Todd Schultz, Assistant Federal Public Defender representing the petitioner appellant As this court is aware, there was some late-breaking, exciting news in this case, and that was that on Tuesday, the respondent had filed a notice with the court that it was withdrawing one of its three arguments in its response. Unfortunately, you still need to discuss it, as indeed does counsel for respondent, because it's a jurisdictional argument. You can't simply withdraw a jurisdictional argument. Well, Your Honor, it's my intention here this morning, if it's okay with the court, that I would start by discussing the merits of petitioners. You should start by discussing jurisdiction. If the district court had no jurisdiction, we never reached the merits. And of course, if the petition was untimely, we never reached the merits. But whether something is a second or successive petition is jurisdictional. It must be considered and decided. Your Honor, and I guess the way that I would address that argument, then, at the court's request, is that it was not treated as a second or successive petition by the district court. Well, that's certainly true. So the question is whether, in this respect, the district court was right. Your Honor, I'm willing to concede, in this particular respect, with respect to it not being a successive petition, that we believe the district court was correct. With respect to the court's suggestion that it would not reach the merits of the petition if it were deemed untimely, my understanding of this circuit's case law is that for the court, that in connection with addressing the untimeliness issue, the court does take into account whether there is a substantial constitutional claim involved in the case. That deals with issuing a certificate of appealability. It does not suggest that the merits determine whether something is timely. No, and I, okay, I understand, Your Honor. So what I'll do here, initially, is then I will address the procedural argument for equitable tolling in this case. It's our position, Your Honor, that the district court abused its discretion when it found that Petitioner's mental condition and other deficiencies weren't extraordinary circumstances that warranted equitable tolling of the one-year filing limitation. Petitioner understandably conceded that the petition was untimely before the district court, but argued for equitable tolling based on his numerous limitations. His impediments include incompetence, mental illness, antisocial personality disorder, cognitive limitations, an inability to effectively communicate with and relate to others. He's illiterate. He also does not have sufficient funds to pay other inmates to enlist them in helping him to assert his legal rights. This court has previously held... I understand correctly paying other inmates to assist you is most likely criminal and is certainly a violation of prison rules. Your Honor, and I would defer to the court on that. I'm just aware from the record in this case that the only way that... Well, the statement, my client didn't have the money to commit another felony, is probably not a good argument. All right, well, Your Honor, I'll step away from that argument then and just get back to this court's holding in Davis v. Humphreys where it noted that mental competence can be enough to justify equitable tolling of time. And of course the problem is that your client's mental competence was assessed by the state court which found that he was competent and that all the signs of his lack of competence were attributable to his malingering. And you have a federal district judge who essentially agrees with that. How would we be able to upset that finding? Well, Your Honor, that kind of gets into the merits, I believe, of the underlying... It doesn't get into the merits of the claim. It gets into timeliness. You say the tolling consideration is that my client is mentally incompetent. But there is a presumptively correct state court finding that he is mentally competent. That has to be upset before you can say, well, he's mentally incompetent, so tolling. Well, Your Honor, so that determination... That's not a Sixth Amendment argument. It's a finding of fact by the state court that is conclusive under 2254E unless shown to be wrong by clear and convincing evidence. It's not just an arguing point. Your Honor, the determination of competency by the state court, I believe, was made in 2006. That determination was based in part upon one of the state's experts, Dr. New, who applied a standard at odds with the mental competence standard established by the Supreme Court in cases like Missouri v. Drope and Dusky. I would also note, Your Honor, that in looking at this issue, the district court also had before it extensive documentation relating to the time frame, not just when he was found to be fit to stand trial, but that it also had records from his mental health records from the IDOC as well as records relating to his educational level. And so... Does that record show that the defendant's mental status decompensated while he was in prison to the extent that it caused the delayed filing? Your Honor... The Davis standard requires that the mental illness in question, the incompetence caused the delayed filing, left open the question about what that causation standard entails. We asked for briefing on that and didn't get it. Your Honor... Could the court repeat its question? I'm sorry. First of all, it's a records-based question. Does the record support a conclusive finding that, regardless of the competency determination in state court, his condition so badly deteriorated in prison that it was clear he was incompetent so that there was a clear error in the district court's finding to the contrary? And then, if that's the case, you also have this hurdle of establishing causation that the mental incapacity caused the delayed filing for all those many years. So, Your Honor, we do believe that there is evidence in the record which would show that these numerous limitations that he experienced, of which his mental competence is a component, but then that's compounded by a number of other circumstances that, it's our belief, make this a unique case. And when this court, or any court, considers equitable tooling, they apply a flexible standard, a case-by-case assessment. And I think when you look at the record, in this case, the facts available to the district court, its conclusion that equitable tooling was inappropriate in this case, it is our position that that was clearly erroneous. I would reserve the remainder of my time for rebuttal. Certainly, Mr. Schultz. Ms. Stutz. I may please the court, counsel. I ought to begin by saying I was perplexed by the state's letter purporting to withdraw a jurisdictional argument. Now, if the state has concluded that the argument is wrong, right, and that the district court did have jurisdiction, that would be fine, but then I'd expect you to tell us why the argument was wrong, and not just say it's withdrawn. You can't withdraw a jurisdictional argument without explaining why the district judge actually had jurisdiction. I apologize, Your Honor, that I didn't explain this thoroughly enough in the letter. It's not explained at all. It just says, we're withdrawing. So, tell us why you think the district court had jurisdiction. As we said, it had jurisdiction under the statutes, and then we gave a c-site to Pavlosky v. Venata. That is the case I ran across, and that's why I took back the jurisdictional argument. Our position is that as long as that's correctly decided... You're losing me. I'm not following. Are you citing a particular case? Yes. This court's 2005 decision in Pavlosky v. Venata, that was a case where the district court dismissed a 2250 poor petition as untimely, but the order said it was without prejudice. And the state argued... And then the petitioner filed again, and it was dismissed again, and the state argued on appeal that that petition was successive, and the holding was that it was not successive because the first order said without prejudice, and the petitioner was entitled to rely on the judge's label. We thought, after I saw that, we thought this case was on all fours with Pavlosky, even though it's arguably inconsistent with a long line of other authority. And we took it back because I hadn't seen it in time to formulate an argument for overruling Pavlosky in our brief. Thank you. Okay, so our position is as long as that's good law, the district court appears to have had jurisdiction here. This case is still easily resolved on the timeliness ground. This petitioner certainly had some problems, but he did not have extraordinary circumstances over this extremely long period that he needs to toll. The easiest way is to work back from the date of the filing of the second petition, because there was more than a year between that petition and the first petition. So he would need some kind of equitable tolling argument for that period, and he has not even made one. So that's the easiest way to resolve it. Even if the court were to conclude that somehow the filing date of the first petition is somehow the relevant date, the district court did not abuse its discretion in finding that the petitioner had failed to demonstrate that he couldn't file, that filing was prevented for years and years. And so the findings of the district court are well-supported by the documents the petitioner himself submitted. There were psychiatrist notes on a monthly basis. And as the district court found, for much of the time he sought to toll, the petitioner was capable of filing. That's also supported by the fact that he did file several state court attacks during this period. He could have filed a federal attack at the same time. And the district court also could have looked to the first petition where the petitioner arguably gave what was probably the real reason for the untimeliness. He said, among other things, I was late because I didn't know there was a limitations period. That's not a good reason for tolling. For all those reasons, the petition is untimely. There are also arguments for rejecting the claim on the merits that are addressed in a brief. What about procedural default? This really comes before the equitable tolling issue. The claim is also defaulted. It was raised once in a pro se post-conviction petition that the ineffective assistance claim was rejected on the merits by the state trial court. The petitioner filed a counseled appeal that did not raise the ineffective assistance claim. And then he did not file a petition for leave to appeal after that. So it's also defaulted under the one complete round rule. In addition to that, there's the problem of the lack of clearly established law extending the Sixth Amendment right to counsel to the fitness hearing context, which is not necessarily an adversarial proceeding. Unless the court has questions, you would ask the court to affirm. Thank you very much. Anything further, Mr. Stotz? Well, thank you very much. The case is taken under advisement and the court will be in recess.